UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CAMERON MATHEW ROSE, <br><br> Plaintiff, <br><br> vs. <br><br> DAVID SHINTANI, *et al.*, <br><br> Defendants. | Case No. 3:22-cv-00317-RCJ-CLB <br><br> **ORDER** |

Plaintiff Cameron Mathew Rose is a University of Nevada, Reno student representing himself in this action *pro se*. Rose was dismissed from the school's debate team and now brings this case against David Shintani, Jimmie Manning, Linda Curcio, Geoff Kettling, Phil Sharp, and the University of Nevada, Reno (collectively "Defendants"). Pending before the Court is Defendants' Motion to Dismiss for Insufficient Service Under FRCP 12(b)(5), (Dkt. 6). After careful consideration of the briefs and applicable law, the Court grants Defendants' motion.

**FACTUAL BACKGROUND**

Rose filed this his Complaint in this case on July 15, 2022. (Dkt. 1). In his words, "[w]hen it came time to initiate process service," he called the University "to try and figure out how to

properly serve the University and its employees," and his call "was directed to the Office of the General Counsel[.]" (Dkt. 8 at 2); (Dkt. 6 at 3). The office's secretary explained that they "could not help him[.]" (Dkt. 6 at 3); (Dkt. 8 at 2). In his next attempt to serve process, Rose filed for process service with the Washoe County Sheriff's Office ("WCSO"). (Dkt. 8 at 3). As a result, a process server delivered a "summons-less Complaint"[1] to Associate General Counsel Bryan Wright[2] by "dropp[ing] the complaint on the floor at Wright's feet." (Dkt. 6 at 3); (Dkt. 8 at 3).

Although Wright explained that "the Office of General Counsel was not the correct place to serve the documents," (Dkt. 6 at 3), Rose was under the belief that per the office's website, it could accept service of process on behalf of Defendant University of Nevada, Reno.[3] (Dkt. 8 at 3); (Dkt. 6 at 3). According to Rose, the WCSO process server "made the determination to serve all six copies to the Office of General Counsel and not the individuals" based on "procedures agreed upon with the University and the WCSP[.]"[4] (Dkt. 8 at 3). After this incident, Rose made no further attempts to properly serve Defendants before the now long expired 90-day deadline. (*See generally* Dkt. 6); (Dkt. 8); (Dkt. 9).

**LEGAL STANDARD**

Rule 12(b)(5) of the Federal Rules of Civil Procedure allows a party to move for dismissal on the basis that there was "insufficient service of process[.]" Fed. R. Civ. P. 12(b)(5). "When a

---

[1] Rose does not contest, and, in fact, concedes, that he failed to include a summons with each copy of the Complaint delivered by the WCSO. (Dkt. 8 at 8). Additionally, Defendants point out in their Motion that although the docket reflects that the summons were returned as executed, (*see* Dkt. 5), "the actual content of that filing consists of Declarations of Service executed by the process server on what appear to be state court forms," the contents of which do not conform with the requirements of the federal rules. (Dkt. 6 at 5); *see also* Fed. R. Civ. P. 4(a)(1).
[2] Wright is not a party to this case.
[3] As to the other five Defendants, Rose states that he "did not believe that the Office of General Counsel had to accept any documents except the one identified directly to the University." (Dkt. 8 at 3).
[4] Rose claims to have learned about these alleged procedures, prohibiting WCSO from "serv[ing] employees anywhere else on campus," after Defendants filed the pending Motion when he "went to the WCSO to discuss" Defendants' allegations. (Dkt. 8 at 3). Although Defendants do not directly address whether any such policy with the WCSO exists, they maintain that the Office of General Counsel "is not authorized to accept service on behalf of any of the Defendants." (Dkt. 6 at 6).

defendant challenges service, the plaintiff bears the burden of establishing the validity of service as governed by Rule 4." *Imagize LLC v. Ateknea Sols. Hungary KFT*, 2019 WL 3068345, at *1 (N.D. Cal. July 12, 2019). "Where process or service of process is challenged, the court may consider affidavits, depositions, or oral testimony submitted by the parties without converting a motion to dismiss to a motion for summary judgment." *Clancy v. Allstate Ins. Co.*, 2021 WL 3861421, at *1 (N.D. Cal. Aug. 30, 2021). "Non-compliant service of process is grounds for dismissal or quashing service of process." *Id.* at *2.

Service of process is governed by Rule 4 in federal district court. *See* Fed. R. Civ. P. 4; *Brockmeyer v. May*, 383 F.3d 798, 800 (9th Cir. 2004). The federal rules require plaintiffs to "serv[e] a copy of the summons and the Complaint on each defendant," within 90-days after the complaint is filed. *Clancy*, 2021 WL 3861421, at *3 (citing Fed. R. Civ. P. 4(c)); Fed. R. Civ. P 4(m). "Service on an individual in the United States may occur by (1) following state law for serving a summons for where the lawsuit is brought or where service is made . . . or (2) by personal delivery, leaving a copy of required documents at the individual's residence with someone of suitable age and discretion who resides there, or delivering the required documents to an agent for service of process." *Clancy*, 2021 WL 3861421, at *3 (citing Fed. R. Civ. P. 4(e)). "Service on a corporation in the United States may occur by one of those methods or by delivery to an officer, managing or general agent, or other agent for service of process." *Id.* (citing Fed. R. Civ. P. 4(h)).

Per Rule 4(m), if a plaintiff fails to serve a defendant within the 90-day period, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* A showing of good cause means "at minimum excusable neglect," and may also require a showing that "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer

no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1186 (C.D. Cal. 2015) (cleaned up).

## ANALYSIS

Although Defendants make numerous arguments as to why Rose's attempt to serve process was insufficient, the Court need not go any further than the first—that Rose "failed to issue a summons with his complaint." (Dkt. 6 at 5). This failure is uncontested by Rose, who writes in response that he "understand[s] what [he] did was wrong" and that he "need[s] to follow [] Rule 4(b)." (Dkt. 8 at 8). This alone is sufficient to grant Defendants' motion. *See Wasson v. Riverside Cnty.*, 237 F.R.D. 423, 424 (C.D. Cal. 2006) (granting defendant's 12(b)(5) motion to dismiss where "plaintiffs have not attempted to even minimally comply with the federal rules regarding the form and issuance of a summons").

Rose asks the Court for leniency and to "understand that [he is] not a lawyer, and that [he is] doing the best he can under the circumstances." (Dkt. 8 at 1). He argues that good cause exists to excuse his failure because "information being withheld is part of the cause of this delay." (Dkt. 8 at 6). Although "[c]ourts broadly construe pleadings filed by *pro se* litigants," both the Court and Rose recognize that "even *pro se* litigants must comply with the Federal Rules of Civil Procedure." *Bailey v. Suey*, 2014 WL 5342573, at *1 (D. Nev. Oct. 20, 2014), *aff'd,* 669 F. App'x 472 (9th Cir. 2016).

This is especially the case when a *pro se* plaintiff "is a frequent litigator" and is thus "well aware that, though proceeding *pro se,* he is not relieved from complying with all applicable rules." *Id.* Defendants contend, and Rose does not contest, that Rose is one such frequent litigator. (Dkt. 9 at 3); (*see* Dkt. 8 at 9). As a frequent litigator, Rose's failure to properly serve process well after a year from the filing of his Complaint is certainly more than mere excusable neglect. Thus,

because a plaintiff's "*pro se* status, alone, is not a justifiable excuse for [a] defect" in service of process, *Graham v. United States*, 79 F. App'x 992, 994 (9th Cir. 2003), the Court finds dismissal appropriate in this case.  See *Clancy*, 2021 WL 3861421, at *2; *Wasson*, 237 F.R.D. at 424–25.

## CONCLUSION

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss for Insufficient Service Under FRCP 12(b)(5) is **GRANTED**. (Dkt. 6).

IT IS FURTHER ORDERED that Rose's Complaint is **DISMISSED** without prejudice. (Dkt. 1). The Clerk of the Court shall close this case.

IT IS SO ORDERED.

Dated August 28, 2023.

_____
ROBERT C. JONES
United States District Judge